Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Balter, J.), dated October 4, 2010, which, denied, without a hearing, his motion, in effect, pursuant to 440.10 to vacate a judgment of the same court (Broomer, J.) rendered May 23, 1990, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the order is reversed, on the law, and, the matter is remitted to the Supreme Court, Kings County, for a determination of the defendant’s motion on the merits.
A motion pursuant to CPL 440.10 to vacate a judgment of conviction must be denied when, although sufficient facts appear on the record to have permitted adequate review of the issue raised upon the motion, no appellate review or determination occurred owing to the defendant’s unjustifiable failure to take or perfect an appeal or to raise such issue upon an appeal actually perfected (CPL 440.10 [2] [c]). Since the basis for the defendant’s ineffective assistance of counsel claim included matters that do not appear on the record, it cannot be said that sufficient facts appear on the record with respect to the ground or issue raised upon the motion to have permitted adequate review thereof on direct appeal (see CPL 440.10 [2] [c]). Accordingly, the Supreme Court erred in denying the defendant’s motion as procedurally barred, without considering the merits of the defendant’s claim (see People v Maxwell, 89 AD3d 1108 [2011]; see also People v Isaacs, 94 AD3d 1017 [2012]; People v Robert G., 85 AD3d 1054 [2011]).
The Supreme Court did not err in not appointing counsel absent the defendant’s request (see People ex rel. Williams v La Vallee, 19 NY2d 238, 240-241 [1967]). Upon remittitur, the court may appoint counsel “in the exercise of [its] sound discretion” (id. at 241). Skelos, J.P, Leventhal, Chambers and Maltese, JJ., concur.